No. 25,037.

CORA T. COOPER, *Appellant*, v. JOHN G. COOPER, *Appellee.*

SYLLABUS BY THE COURT.

ALIMONY—*Defendant Guilty of Contempt—Punishment—Judicial Discretion.*
The proceedings considered, and *held,* the district court did not abuse its discretion in refusing to order commitment of defendant under a judgment of contempt.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 9, 1924. Affirmed.

*William M. Bradshaw,* and *A. M. Thomas,* both of Topeka, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal was taken from an order refusing to issue a commitment pursuant to a judgment of contempt. The sole question raised by the appeal is whether the court abused its discretion.

Defendant was adjudged guilty of contempt for refusing to obey an order requiring him to provide funds for the maintenance anc. education of his daughter. The order was well founded, and defendant is abundantly able to comply with it. He is persistently contumacious, and has caused a patient court great annoyance. The record indicates that just now he is standing on the fact that the child's mother, who was divorced from him, married a man toward whom he bears a special antipathy. Defendant has certain peculiarities, and how to deal with him for the best interest of his child has been a difficult problem.

The proceedings upon the application for commitment were not abstracted. The journal entry simply recites the court was fully advised. Denial of the application did not mean defendant was relieved from the consequences of his contempt. It simply meant the court preferred not to commit defendant forthwith, and of course the court was not obliged to commit him on any particular day. Under all the circumstances, it cannot be said the court abused its discretion. It may be observed, however, that the child is entitled to support by her father, who has trifled so long that apparently a goodly season in jail is necessary to bring him to recognition of his duty and the court's authority.

The judgment of the district court is affirmed.

HARVEY, J., not sitting.